**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, D.C. 20005<br><br>    Plaintiff,<br><br>  v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY<br>722 Jackson Place, N.W.<br>Washington, D.C. 20503<br><br>    Defendant. | Civil Action No. 07-365 (RMU) |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant Council on Environmental Quality ("Defendant" or "CEQ"), through undersigned counsel, hereby answers the Complaint of Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff" or "CREW").

**First Affirmative Defense**

The Court lacks subject-matter jurisdiction over this case.

**Second Affirmative Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Defendant objects to the Complaint to the extent that answering it imposes obligations on Defendant that exceed those imposed by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Defendant's Responses to the Numbered Paragraphs**

Defendant answers the numbered paragraphs of the Complaint as follows:

1. Paragraph 1 is a characterization of this action to which no response is required. To the extent that a response is deemed necessary, Defendant admits that Plaintiff filed this action under FOIA and that CEQ is an agency within the Executive Office of the President, but denies all other allegations contained in Paragraph 1.

2. Paragraph 2 is a characterization of the relief sought in this action to which no response is required. To the extent that a response is deemed necessary, Defendant admits that Plaintiff seeks declaratory and injunctive relief relating to its March 12, 2006 FOIA request, which is attached to the Complaint as Exhibit 11 ("CREW's FOIA request"), but denies all other allegations contained in Paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits that the Court has personal jurisdiction over Defendant and that venue is proper in this district. Defendant denies that the Court has subject-matter jurisdiction over this case.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. The first sentence in Paragraph 8 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant admits that it is an agency within the meaning of 5 U.S.C. § 552(f). With respect to the second sentence in Paragraph 8, Defendant admits that it has possession of some documents that pertain to the subject matter of CREW's FOIA request. Whether Defendant has control of the documents, or is responsible for fulfilling Plaintiff's FOIA request, are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in the second sentence in Paragraph 8.

9-15. Paragraphs 9-15 contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant respectfully refers the Court to the cited statutory and regulatory provisions for a complete and accurate statement of their contents.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits the allegations contained in the first sentence in Paragraph 16. Defendant also admits that the Complaint correctly quotes the regulations cited in the second and third sentences in Paragraph 16, but denies Plaintiff's characterization of CEQ's mission and the regulations in those sentences.

17. The allegations contained in Paragraph 17 constitute a characterization of the sources cited in that paragraph to which no response is required. To the extent that a response is deemed necessary, Defendant respectfully refers the Court to the cited sources, which are Exhibits 1-4 attached to the Complaint and a document located by the Internet address provided in Paragraph 17, for a complete and accurate statement of their contents.

18. The allegations contained in Paragraph 18 constitute a characterization of the sources cited in that paragraph to which no response is required. To the extent that a response is deemed

necessary, Defendant respectfully refers the Court to the sources, which are Exhibits 5-7 attached to the Complaint and a document located by the Internet address provided in Paragraph 18, for a complete and accurate statement of their contents.

19.     The allegations contained in Paragraph 19 constitute a characterization of the sources cited in that paragraph to which no response is required.  To the extent that a response is deemed necessary, Defendant respectfully refers the Court to the sources, which are Exhibits 5-6 attached to the Complaint, for a complete and accurate statement of their contents.

20.     The allegations contained in Paragraph 20 constitute a characterization of a July 20, 2006 letter from the House Committee on Government Reform (now the House Committee on Oversight and Government Reform) ("the Committee") to CEQ Chairman James L. Connaughton that is attached to the Complaint as Exhibit 8, to which no response is required.  To the extent that a response is deemed necessary, Defendant admits receiving the letter attached to the Complaint as Exhibit 8 and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

21.     The allegations contained in Paragraph 21 constitute a characterization of a January 22, 2007 letter from the Committee to CEQ Chairman Connaughton that is attached to the Complaint as Exhibit 9, to which no response is required.  To the extent that a response is deemed necessary, Defendant admits receiving the letter attached to the Complaint as Exhibit 9 and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

22.     Defendant admits the allegations contained in the first sentence, but denies the allegations contained in the second sentence in Paragraph 22.

23.	The allegations contained in Paragraph 23 constitute a characterization of CREW's FOIA request that is attached to the Complaint as Exhibit 11, to which no response is required. To the extent that a response is deemed necessary, Defendant admits receiving CREW's FOIA request and respectfully refers the Court to the request for a complete and accurate statement of its contents.

24.	The allegations contained in Paragraph 24 constitute a characterization of CREW's FOIA request that is attached to the Complaint as Exhibit 11, to which no response is required. To the extent that a response is deemed necessary, Defendant admits receiving CREW's FOIA request and respectfully refers the Court to the request for a complete and accurate statement of its contents.

25.	With respect to the first sentence in Paragraph 25, Defendant admits that CREW worked with CEQ to narrow CREW's FOIA request, but denies all other allegations in that sentence. Defendant admits the allegations contained in the second sentence in Paragraph 25. With respect to the third sentence in Paragraph 25, Defendant admits that in an effort to reach an agreement with CREW regarding CREW's FOIA request, Defendant agreed to produce responsive documents that were not being withheld and a <u>Vaughn</u> index – and CREW agreed to accept those documents and index – on a rolling basis. Defendant denies Plaintiff's characterization of this agreement as set forth in the third sentence in Paragraph 25. *See, e.g.*, Letter from Edward A. Boling, Deputy General Counsel and Freedom of Information Officer, CEQ, to Dan Roth, Counsel, CREW (November 3, 2006) (attached to the Complaint as Exhibit 12).

26.	With respect to the first sentence in Paragraph 26, Defendant admits that it produced 188 documents to CREW on or around November 3, 2006, but denies Plaintiff's characterization

5

of those documents. Defendant admits the allegations contained in the second sentence in Paragraph 26. The allegations contained in the third sentence in Paragraph 26 constitute a characterization of a November 3, 2006 letter from Edward A. Boling, Deputy General Counsel and Freedom of Information Officer at CEQ, to Dan Roth, Counsel at CREW, that is attached to the Complaint as Exhibit 12, to which no response is required. To the extent that a response is deemed necessary, Defendant admits the allegations contained in the third sentence, but respectfully refers the Court to the letter for a complete and accurate statement of its contents.

27. With respect to Paragraph 27, Defendant admits that it produced approximately 103 documents to CREW on or around December 26, 2006, but denies Plaintiff's characterization of those documents.

28. Defendant admits the allegations contained in Paragraph 28.

29. The first sentence in Paragraph 29 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in that sentence. Defendant admits the allegations contained in the second sentence in Paragraph 29. Defendant denies the allegations contained in the third and fourth sentences in Paragraph 29.

30. With respect to Paragraph 30, Defendant admits that in an effort to reach an agreement with CREW regarding CREW's FOIA request, Defendant agreed to produce responsive documents that were not being withheld and a <u>Vaughn</u> index – and CREW agreed to accept those documents and index – on a rolling basis, but denies all other allegations in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Paragraph 32 is a legal conclusion to which not response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 32.

33. To the extent that Plaintiff realleges and incorporates by reference all preceding paragraphs into Paragraph 33, Defendant refers the Court to its responses to those preceding paragraphs.

34. Paragraph 34 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 34.

35. Paragraph 35 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 35.

36. Paragraph 36 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 35.

37. To the extent that Plaintiff realleges and incorporates by reference all preceding paragraphs into Paragraph 37, Defendant refers the Court to its responses to those preceding paragraphs.

38. Paragraph 38 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 38.

39. Paragraph 39 is a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 39.

The final, unnumbered paragraph of the Complaint represents Plaintiff's request for relief to which no response is required. To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations not expressly admitted or denied.

Dated:  March 26, 2007                    Respectfully submitted,

                                              PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Assistant Director
Federal Programs Branch

  /s/  Nicholas A. Oldham
Nicholas A. Oldham (D.C. Bar No. 484113)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C.  20044
<u>Delivery Address</u>
20 Massachusetts Ave., N.W., Rm. 6134
Washington, D.C.  20001
Tel: (202) 514-3367
Fax: (202) 616-8470
nicholas.oldham@usdoj.gov

Attorneys for Defendant

8